UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

**ALBERT FOSTER, TERRELL WEBSTER, CHRISTOPHER REYES, LEWIS BLEDSOE, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION**

    Plaintiffs,

v.

**CICERO CENTRAL RAILROAD, WATCO HOLDINGS INCORPORATED**

    Defendants.

Civil Case No.:

---

## COMPLAINT AND JURY DEMAND

1. This Court has jurisdiction of the Plaintiffs' claims arising under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, an Act regulating commerce pursuant to 28 U.S.C. §§ 1331, 1337. The Court has the power to declare the rights and obligations of the parties and to grant such other relief as may be necessary pursuant to 28 U.S.C. §§ 1651, 2201, and 2202.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendant is a corporation located in and doing business in this judicial district.

## PARTIES

3. Plaintiff Albert Foster was, until his unlawful termination effective March 16, 2021, classified as a conductor/engineer performing work for Defendant Cicero Central Railroad. Mr. Foster is an employee as defined by Section 1 Fifth of the Railway Labor Act, 45 U.S.C. § 151 Fifth.

4. Plaintiff Christopher Reyes was, until his unlawful termination effective March 16, 2021, classified as a conductor performing work for Defendant Cicero Central Railroad. Mr. Reyes is an employee as defined by Section 1 Fifth of the Railway Labor Act, 45 U.S.C. § 151 Fifth.

5. Plaintiff Lewis Bledsoe was, until his unlawful termination effective March 21, 2021, classified as a conductor performing work for Defendant Cicero Central Railroad. Mr. Bledsoe is an employee as defined by Section 1 Fifth of the Railway Labor Act, 45 U.S.C. § 151 Fifth.

6. Plaintiff Terrell Webster was, until his unlawful termination effective March 16, 2021, classified as a conductor performing work for Defendant Cicero Central Railroad. Mr. Webster is an employee as defined by Section 1 Fifth of the Railway Labor Act, 45 U.S.C. § 151 Fifth.

7. Plaintiff International Association of Sheet Metal, Air, Rail and Transportation Workers – Transportation Division ("SMART-TD") is an unincorporated labor organization representing railroad and transportation employees throughout the United States and Canada. SMART-TD is a representative as defined by Section 1 Sixth of the Railway Labor Act, 45 U.S.C. § 151 Sixth.

8. Defendant Cicero Central Railroad ("CERR") is a common carrier by rail engaged in interstate commerce. CERR performs switching, interchange, and other rail service in Illinois and Indiana with its principle place of business located at 3900 S Laramie Ave., Cicero, IL 60804. CERR is a carrier as defined by Section 1 First of the Railway Labor Act, 45 U.S.C. § 151, and is subject to the obligations and duties imposed upon carriers by the Railway Labor Act.

9. Defendant Watco Holdings, Inc. ("Watco") is a corporation that owns and controls CERR, with its principle place of business at 315 W.3rd Street, Pittsburgh, KS 66762.

## FACTUAL BACKGROUND

### Plaintiffs' Union Organizing Activities

10. In early 2020, SMART-TD was engaged by employees of CERR regarding union representation.

11. SMART-TD Organizer Justin Wolters ("Organizer Wolters") had several conversations with employees regarding their concerns and the possibility of SMART-TD representing said employees with respect to the terms and conditions of their employment.

12. Beginning in 2020, Organizer Wolters circulated Personal Authorization Cards among CERR employees. These cards stated that the signatory authorized SMART-TD to represent him or her for the purposes of collective bargaining.

13. Multiple meetings were held by Organizer Wolters with CERR employees in May and June of 2020 to discuss potential representation. During the course of these meetings, employees began signing authorization cards.

14. Plaintiff Albert Foster signed an authorization card on June 3, 2020.

15. Plaintiff Terrell Webster signed an authorization card on June 14, 2020.

16. Following these meetings in May and June of 2020, the COVID-19 pandemic hindered the ability of SMART-TD to meet with CERR employees.

17. On March 2, 2021, during a dinner. Organizer Wolters discussed SMART-TD representation with CERR employees.

18. Present at this dinner were Plaintiffs Albert Foster, Lewis Bledsoe, and Terrell Webster.

19. At the dinner, Organizer Wolters and employees present discussed potential representation by SMART-TD and Organizer Wolters solicited authorization cards from employees who had not yet signed.

20. Plaintiff Lewis Bledsoe signed an authorization card at the dinner on March 2, 2021.

21. Also present at the dinner was a former CERR employee by the name of Daryl Smith, who has a close relationship with CERR manager Stefon Hoover. After observing Mr. Wolters' discussion of SMART-TD's potential representation, Mr. Smith informed Mr. Hoover of the dinner and SMART-TD's organization efforts.

22. Following the dinner, meetings were held over the next ten days with CERR employees where Organizer Wolters solicited and received further signed authorization cards.

23. On March 8, 2021, Plaintiff Christopher Reyes signed an authorization card.

24. On March 11, 2021, SMART-TD had the required majority of authorization cards to submit to the National Mediation Board so it could direct that an election be held to determine SMART-TD's status as the representative of CERR train and engine service employees.

### Dismissal of Plaintiffs Foster, Reyes, Webster, and Bledsoe for Engaging in Protected Activity

25. On March 16, 2021, Plaintiff Albert Foster was instructed to report to the CERR yard office for a meeting.

26. Present at the meeting were CERR General Manager Anthony Sydnor, human resources representative Angela Bunker, and Aaron Dean, a manager from Wisconsin & Southern Railroad, another railroad owned and controlled by Watco.

27. At this meeting, Plaintiff Albert Foster was promptly terminated from employment for allegedly using profanity. Plaintiffs are unaware of any other CERR employee being so discharged aside from the Plaintiffs named in this Complaint.

28. Plaintiff Albert Foster was not permitted to provide any statement in his defense and was denied any information related to the allegations.

29. Also on March 16, 2021, Plaintiff Christopher Reyes was instructed to report to the CERR yard office for a meeting.

30. Present at the meeting were CERR General Manager Anthony Sydnor, human resources representative Angela Bunker, and Aaron Dean, a manager from Wisconsin & Southern Railroad, another railroad owned and controlled by Watco.

31. At this meeting, Plaintiff Christopher Reyes was promptly terminated from employment for allegedly using profanity. Plaintiffs are unaware of any other CERR employee being so discharged aside from the Plaintiffs named in this Complaint.

32. Plaintiff Christopher Reyes was not permitted to provide any statement in his defense and was denied any information related to the allegations.

33. Also on March 16, 2021, Plaintiff Terrell Webster was instructed to report to the CERR yard office for a meeting.

34. Present at the meeting were CERR General Manager Anthony Sydnor, human resources representative Angela Bunker, and Aaron Dean, a manager from Wisconsin & Southern Railroad, another railroad owned and controlled by Watco.

35. At this meeting, Plaintiff Terrell Webster was promptly terminated from employment for allegedly using profanity. Plaintiffs are unaware of any other CERR employee being so discharged aside from the Plaintiffs named in this Complaint.

36. Plaintiff Terrell Webster was not permitted to provide any statement in his defense and was denied any information related to the allegations.

37. On March 21, 2021, Plaintiff Lewis Bledsoe was instructed to report to the CERR yard office. Present was CERR Vice President of Operations Joe Via. CERR General Manager Anthony Sydnor attended the meeting by telephone.

38. At this meeting, Mr. Bledsoe was dismissed for allegedly using the women's restroom. Plaintiffs are unaware of any other CERR employee being so discharged. Mr. Bledsoe denied the allegation and his requests for any supporting information related to his dismissal were denied.

39. The vague and unsubstantiated reasons given for the dismissals of Plaintiffs Albert Foster, Christopher Reyes, Terrell Webster, and Lewis Bledsoe are mere pretext for the true reason, the aforementioned Plaintiffs' support of SMART-TD.

40. On March 23, 2021, SMART-TD filed Form NMB-1 with the National Mediation Board, requesting that a representation election be held with respect to train and engine service employees of CERR.

**Defendants' Further Anti-Union Activities**

41. On April 5, 2021, CERR Vice President of Operations Joe Via issued a letter to all employees expressing disappointment in their organizing efforts. The letter also stated that CERR would seek to provide its employees with information regarding "what it means to be a union members and work in a unionized business." The letter concluded by stating, "[w]e think after you get all the facts, you will see why we don't believe SMART or any union is a good choice."

42. On or about April 11, 2021, Defendants CERR and Watco disseminated a posting entitled "Union Realities – Strikes." The posting threatened employees that when strikes occur, they may be permanently replaced. The posting then concluded "[w]e do not believe it is in anyone's best interest for a union to bring a threat of strikes to Watco… [w]e urge you to say 'NO' to this union."

43. Also on or about April 11, 2021, Defendants CERR and Watco disseminated a posting entitled "Union Realities – Collective Bargaining." The posting stated that Watco is under no obligation to accept any offer from a union, and that employees may be left with worse terms and conditions of employment than before.

## COUNT I

44. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 43 as if fully set forth herein.

45. Section 2 Third of the Railway Labor Act provides:

> "Representatives, for the purpose of this chapter, shall be designated by the respective parties without interference, influence, or coercion by either party over the designation of representative by the other; and either party shall in any way interfere with, influence, or coerce the other in its choice of representatives." 45 U.S.C. § 152 Third.

46. CERR, by its conduct as described herein, including, but not limited to, the termination of Plaintiffs Albert Foster, Christopher Reyes, Lewis Bledsoe, and Terrell Webster for engaging in union activity, has violated the proscription of Section 2 Third of the Railway Labor Act against carrier interference, influence, or coercion over the designation by its employees of their bargaining representatives for the purposes of the Railway Labor Act.

47. Watco, by its conduct described herein, including, but not limited to, the termination of Plaintiffs Albert Foster, Christopher Reyes, Lewis Bledsoe, and Terrell Webster

for engaging in union activity, has interfered with and prevented its employees from bargaining collectively through representative of their own choosing and interfered with their right to join and organize a labor organization.

## **COUNT II**

48. Plaintiffs reallege and incorporate by reference Paragraph 1 through 47 as if fully stated herein.

49. Section 2 Fourth of the Railway Labor Act provides:

"Employees shall have the right to organize and bargain collectively through representative of their own choosing… No Carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize or assist in organization the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees." 45 U.S.C. § 152 Fourth.

50. CERR, by its conduct described herein, including, but not limited to, the termination of Plaintiffs Albert Foster, Christopher Reyes, Lewis Bledsoe, and Terrell Webster for engaging in union activity, has interfered with and prevented its employees from bargaining collectively through representative of their own choosing and interfered with their right to join and organize a labor organization.

51. Watco, by its conduct described herein, including, but not limited to, the termination of Plaintiffs Albert Foster, Christopher Reyes, Lewis Bledsoe, and Terrell Webster for engaging in union activity, has interfered with and prevented its employees from bargaining collectively through representative of their own choosing and interfered with their right to join and organize a labor organization.

WHEREFORE, the Plaintiffs pray that this Court grant them the following relief:

1. Declare that CERR and Watco, but their conduct described herein, violated Sections 2 Third and 2 Fourth of the Railway Labor Act, 45 U.S.C. § 152 Third and Fourth;

2. Enjoin CERR and Watco from further violating the Railway Labor Act;

3. Order CERR and Watco to reinstate Plaintiffs Albert Foster, Lewis Bledsoe, Christopher Reyes, and Terrell Webster, and to make them whole for any loss suffered including, but not limited to, back pay, seniority, vacation, and any and all other benefits whey were and are entitled to, but for Defendants' unlawful conduct, in an amount to be determined at trial;

4. Award punitive damages to the Plaintiffs for CERR and Watco's willful and intentional violation of Sections 2 Third and Fourth of the Railway Labor Act, in an amount to be determined at trial;

5. Award to the Plaintiffs the costs of this action, including reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Robert E. Harrington, III
Robert E. Harrington, III
DUNN HARRINGTON LLC
22 W. Washington St., Suite 1500
Chicago, Illinois 60602
Tel: (312) 548-7221
Fax: (312) 548-7223
reh@dhinjurylaw.com

and

Shawn M. McKinley
Associate General Counsel
Kevin C. Brodar
General Counsel
SMART-Transportation Division
24950 Country Club Blvd., Ste. 340

North Olmsted, OH 44070
Tel: (216) 228-9400
Fax: (216) 228-0937
kbrodar@smart-union.org
smckinley@smart-union.org